**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL NO.  3:03CR209-7**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JOSEPH CAMARA** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for a stay of sentence and

continuation of release pending appeal of his conviction.  The motion is denied.

## I.  PROCEDURAL BACKGROUND

Defendant was convicted by jury verdict on November 18, 2004, of conspiracy to commit

bank fraud and distribution of counterfeit securities.  On June 8, 2005, he was sentenced to serve

five months imprisonment but was allowed to self-report.  On July 7, 2005, the Defendant filed

his notice of appeal.

## II.  STANDARD

The release of a defendant after conviction but during the pendency of an appeal is

controlled by 18 U.S.C. § 3143(b) which provides in pertinent part:

> [T]he judicial officer *shall* order that a person who has been found guilty of an
> offense and sentenced to a term of imprisonment, and who has filed an appeal . . .
> be detained, unless the judicial officer finds –

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; *and*
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>> (i) reversal,
>> (ii) an order for a new trial,
>> (iii) a sentence that does not include a term of imprisonment, or
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

**18 U.S.C. § 3143(b) (emphasis added).** "The clear language of th[e] section requires the judicial officer to order the person detained once a finding of guilt has been made. While the section does permit some releases pending appeal, it is obvious from the statute that such releases are to be the exception." *United States v. Hamrick*, **720 F. Supp. 66, 67 (W.D.N.C. 1989).**

Based on the Defendant's behavior during pretrial release and while awaiting sentencing, he is not likely to flee or to pose a danger to any person or the community pending the appeal. However, defense counsel has not provided any ground for the appeal, merely stating that the Defendant "is likely to raise issues on appeal that are novel and not clearly controlled by precedent[.]" This is insufficient to raise a substantial question of law or fact likely to result in a sentence of no imprisonment. A substantial question, for these purposes, is "'a 'close' question or one that very well could be decided the other way.'" *United States v. Steinhorn*, **927 F.2d 195, 196 (4th Cir. 1991) (quoting** *United States v. Giancola*, **754 F.2d 898, 901 (11th Cir. 1985));** *Hamrick*, *supra*, **at 68.** Failing any such showing, the undersigned is without any discretion to grant the relief requested.

Defendant is advised that he may renew this application before the Fourth Circuit Court of Appeals. **Fed. R. App. P. 8, 18.**

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a stay of sentence and release pending appeal is hereby **DENIED**.

**Signed: July 22, 2005**

Lacy H. Thornburg
United States District Judge